### James Ryan v. The People of the State of Illinois. ·

#### Gen. No. 10,604.

` 1.  JUDGMENT ORDER—*effect of omission of.*  The record in a crim-
inal case is fatally defective if it omits the final judgment order and
this omission is not supplied by the recital of such an order in the
*mittimus* issued in the case.

Indictment for larceny.  Error to the Criminal Court of Cook County;
the Hon. ABNER SMITH, Judge, presiding.  Heard in this court at the
March term, 1903.  Writ of error dismissed.  Opinion filed December
21, 1903.

C. M. HARDY, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BALL delivered the opinion of the court.
March 31, 1897, in the Criminal Court of Cook County,
Ryan was indicted for larceny.  He pleaded not guilty and
was tried in April of that year.  During the trial he
absconded, but by consent of his counsel the hearing con-
tinued.  The jury returned a verdict finding him guilty of
petty larceny.  A motion for new trial was interposed.  A
capias was issued for his arrest, which was returned as "not
found."  July 19, 1898, the cause was stricken from the
docket with leave to reinstate.  March 27, 1902, the case
was replaced upon the trial docket.  On the 29th day of
the same month the motion for a new trial was overruled,
to which plaintiff in error excepted. A motion in arrest of

Ryan v. The People.

judgment was entered, and overruled, and an exception taken to the action of the court in that regard. The next step in the record is a mittimus addressed jointly to the sheriff of Cook County and to the superintendent of the house of correction in the city of Chicago, directing that Ryan be confined in said house of correction for the term of one year. In this writ is recited what purports to have been the sentence of the court. Ryan brings the case to this court by writ of error.

The record is fatally defective in this, that it does not contain a final judgment order. The primary object of a record is to justify and to declare the punishment. Hence, it must state affirmatively the steps which make the sentence good, and then the sentence completes the record.

Our Supreme Court in 1845 decided that " In a criminal case, after the caption stating the time and place of holding the court, the record should consist of the indictment properly endorsed, as found by the grand jury; the arraignment of the accused, his plea, the impaneling of the traverse jury, their verdict, and the judgment of the court. This, in general, is all that the record need state." McKinney v. The People, 2 Gilm. 540, 551.

The recital of an alleged final judgment order in the mittimus, under a " whereas," does not supply the defect. The certificate of the clerk of the Criminal Court that the transcript before us is " a true, perfect and complete copy of the record " is conclusive. Not finding the judgment order of the court therein, we must hold that such an order does not exist.

There being no judgment order, the writ of error is dismissed.

*Writ of error dismissed.*